**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES E. WHITE,

               Plaintiff - Appellant,

   v.

MARK N. PAZIN, Sheriff/Coroner
(Sheriff Administration); et al.,

               Defendants - Appellees.

No. 13-17637

D.C. No. 1:12-cv-00917-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted September 23, 2014[***]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

    California state prisoner James E. White appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the denial of

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    White consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

visitation with his minor children while he was a pre-trial detainee housed in the Merced County Jail violated his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review do novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We vacate and remand.

White alleged that he could not see his children because the jail did not permit visitation by minors under age 12. These allegations, liberally construed, were "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116, 1123 (9th Cir. 2012); *see also Dunn v. Castro*, 621 F.3d 1196, 1203, 1205 (9th Cir. 2010) (dismissing a prisoner's claim that he was denied visitation with his minor children on the basis of qualified immunity, but noting that the prisoner was not "challenging the constitutionality of any of the prison's regulations as a matter of law"). Accordingly, dismissal of White's claims relating to his visitation rights was premature, and we vacate and remand for further proceedings.

**VACATED and REMANDED.**